James K. WILKERSON, Petitioner–Appellant,

v.

Sharon BLACKETTER, Superintendent, Respondent–Appellee.

No. 07–35907.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 29, 2008.

Filed Sept. 3, 2008.

C. Renee Manes, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Ward Douglas Marshall, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

### MEMORANDUM *

The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. James Wilkerson appeals the district court's denial of his habeas corpus petition, arguing that he received ineffective assistance of counsel where his trial counsel neither objected to an expansion of the indictment time period for jury instruction, nor presented new evidence regarding the expanded time period. We review *de novo* a district court's denial of habeas corpus. *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004). We cannot issue the writ unless the state court's decision is contrary to, or an objectively unreasonable application of clearly established Supreme Court precedent. *See Lockyer v. Andrade,* 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); 28 U.S.C. § 2254(d).

The Supreme Court established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must establish that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Id.* The appropriate test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Wilkerson's counsel failed to object to, or present new evidence regarding, an expansion from the indictment time period— that Wilkerson committed crimes between April 1, 1995 and August 1, 1996—to the jury instructions—that he committed crimes between August 1, 1993 and August 1, 1996. Yet neither counsel's failure, nor the expansion itself, had any effect on the outcome of the case. The entirety of the testimony adduced at trial was limited to crimes Wilkerson committed no earlier than January 1996, well within the indictment period. The change in dates made no difference to the jury. Likewise, objecting to the change or presenting new evidence regarding the new time period would have made no difference. Wilkerson was therefore not prejudiced by his counsel's performance. Accordingly, the state court's determination that Wilkerson did not receive unconstitutional ineffective assistance of counsel was neither contrary to, nor an unreasonable application of *Strickland,* and the district court's denial of habeas relief was appropriate.

The judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.